PD-0042-15

Leticia McWilliams

Attn: Please Review For Discretionary Review Filed
January 07-2015
CID #0718569
Appellate Number #02-14-00142-CR

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 26 2015

Abel Acosta, Clerk

• Court Of Criminal Appeals
• Angeli Sims and Cynthia LittleJohn

FILED IN
COURT OF CRIMINAL APPEALS

MAR 27 2015

Abel Acosta, Clerk

Per Chapter 17 Revocation Of Probation – The Criminal
Defense Source Book:
SEC 17.03 Motion for Dismissal of Revocation of
Probation Proceedings – Insufficient Evidence:
• Perhaps the draftsmanship of the motion to revoke
probation is sufficient to render a motion to quash
inappropriate. It is entirely possible that the proof admitted
before the court at the hearing is insufficient to prove the
allegations contained in the motion. See Douglas v. Buder, 412
U.S. 430 (1973) in which the court reversed a
revocation on the ground that there was no evidence to
support it. In that event, the following motion to dismiss
is appropriate.

Ineffective Assistance Of Counsel: (Trial Attorney)
Please review. Not only was the motion to quash not filed and
argued before an announcement of ready or a plea of "untrue"
was entered (sec 17.02). A motion for dismissal of
revocation of probation proceedings – insufficient
evidence was not filed. The appropriate motion should been

Leticia McWilliams

have been filed. Neither motion was filed.
(Failure to pay supervisory fee, court costs, fine or restitution)
The proof at the hearing on the motion to revoke probation in this cause was insufficient to show that the Probationer's failure to pay the supervisory fee (or court costs, fine or restitution) for maintenance of his probation was willful and intentional on the part of the Probationer. See Kuenstler v. State, 486 S.W. 2d 367 (Tex. Crim. App. 1972).

Concerning the alleged failure of the Probationer to pay the supervisory fee (or court costs, fine or restitution) the evidence also was wholly insufficient to show the Probationer's ability to pay the alleged arrearages in the supervisory fee (or court costs, fine or restitution. See Gormany v. State, 486 S.W. 2d 324 (Tex. Crim. App. 1972); Matthews v. State, 478 S.W. 2d 943 (Tex. Crim. App. 1972).

Charging Instrument:
• The State's Second Petition To Revoke Probated Sentence is not legal or valid.

Tarrant County Texas Probation Department:
• Probation was aware of my situation and circumstances. Probation testified in a court of law. They were aware I was ill, homeless and had no income. My actions were not willful and intentional.

Leticia McWilliams

CID # 0718569
Cause #1174887                    03-23-2015

Leticia McWilliams

ATTn: Please Review For Discretionary Review Filed January 07-2015

CID #0718569

Appellate Number #02-14-00142-CR

- Court Of Criminal Appeals
- Angeli Sims and Cynthia Little John

I pray this letter does not cause me anymore hurt, harm and danger. I am only defending myself.

Instead of the Texas Judicial System / Law Enforcement coming to my defense and protection, I have been punished, attacked and retaliated against. Due to the fact I have fought back and continue to fight for my life and my rights. Due to the fact I have educated myself on the law to be able to protect myself. Due to the fact I reported and continue to report the crimes being committed against me.

- Please review the information I submitted April 08, 2014 and dated April 08, 2014. As to why I requested an appeal. I received a copy of the information after it was filed from my appeal attorney William H "Bill" Ray. I did not include a copy as it is already a part of the appeal. This information was reviewed by the State Court of Appeals- 2nd Supreme Judicial District. This information was filed with my notice of appeal dated April 08, 2014.

Leticia McWilliams

• In that information- I asked as I repeatedly keep asking, for the documents in my probation file to be reviewed. The documents prove the signatures do not belong to Judge Robb Catalano. The documents I asked to have reviewed were, the document placing me in the MHMR Program dated January 19, 2011 (file date) and the State's First (dated July 22, 2011) and Second (dated February 04, 2014) Petition to Revoke Probated Sentence.

• In that information- I explained no Judge can sign in place of the presiding judge (illegal). I explained (you can not alter legal binding documents (illegal). I also explained and pointed out additional information (facts).

• In that information- I included a letter I wrote to Felipe Calzada (trial attorney) dated March 25, 2014. This letter was in regards to my March 25, 2014 court date being rescheduled for the following week (April 04, 2014).

• In that information- I explained what took place on April 04, 2014. The hearing was held without warning and/or preparation.

• I have been incarcerated since January 31, 2014. Even though the evidence is rock-solid and undeniable, I remain incarcerated. This completely scares me and why I feel I'm in danger. The Judicial System was designed and put in place to defend and protect the

Leticia McWilliams

Victim not the Criminal. I am the Victim.

CID # 0718569
Cause # 1174887

Leticia McWilliams

03-23-2015